1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT

7             FOR THE DISTRICT OF ARIZONA

8
GEORGE WOOD, individually and on      )
9   behalf of himself and all other similarly )
    situated,                             )      No.  CV 06-354-TUC-CKJ
10                                          )
              Plaintiff,                   )      CV 06-377-TUC-CKJ
11                                          )
    vs.                                     )
12                                          )
    IONATRON, INC., et al.,                 )      **ORDER**
13                                          )
              Defendants.                   )
14  ——————————————————————                  )
                                            )
15  RAYMOND DEEDON, individually and )
    on behalf of all other similarly situated, )
16                                          )
              Plaintiff,                   )
17                                          )
    vs.                                     )
18                                          )
    IONATRON, INC., et al.,                 )
19                                          )
              Defendants.                   )
20  ——————————————————————                  )

21          WHEREAS, on or about the 31st day of July, 2009, the parties to the above-

22   entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the

23   "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil

24   Procedure and which, together with the exhibits thereto, sets forth the terms and

25   conditions for the proposed settlement of the claims alleged in the Complaint on the

26   merits and with prejudice as against the Defendants; and the Court having read and

27   considered the Stipulation and the accompanying documents; and the parties to the

28   Stipulation having consented to the entry of this Order; and all capitalized terms used

1   herein having the meanings defined in the Stipulation;

2         NOW, THEREFORE, IT IS HEREBY ORDERED, this 5th day of August, 2009,

3   that:

4         1.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure,

5   and for the purposes of the Settlement only, this Action is hereby certified as a class

6   action on behalf of all persons who purchased the publicly traded securities of Ionatron,

7   Inc., ("Ionatron") during the period between May 4, 2005 and May 10, 2006, inclusive,

8   and were damaged thereby. Excluded from the Class are the Defendants, the officers,

9   directors and affiliates of Ionatron at all relevant times, members of their immediate

10  families and their legal representatives, heirs, successors or assigns, and any entity in

11  which Defendants have or had a controlling interest, and all shares of Ionatron stock

12  owned or acquired, directly or indirectly, by any of them. For purposes of this Settlement,

13  the term "controlling interest" shall include any interest of 5% or more of the publicly

14  traded common stock of any entity.

15        2.      The Court finds, for the purposes of the Settlement only, that the

16  prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil

17  Procedure have been satisfied in that: (a) the number of Class Members is so numerous

18  that joinder of all members thereof is impracticable; (b) there are questions of law and

19  fact common to the Class; (c) the claims of the named representatives are typical of the

20  claims of the Class they seek to represent; (d) the Lead Plaintiffs will fairly and

21  adequately represent the interests of the Class; (e) the questions of law and fact common

22  to the members of the Class predominate over any questions affecting only individual

23  members of the Class; and (f) a class action is superior to other available methods for the

24  fair and efficient adjudication of the controversy.

25        3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the

26  purposes of the Settlement only, Lead Plaintiffs Hylton S. Petit, Jr., and Claire Silverman

27  are certified as Class Representatives.

28        4.      A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the

Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on the 24th day of September, 2009, at 2:00 p.m. for the following purposes:

(a) to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rule 23(a) and (b) of the Federal Rules of Civil Procedure;

(b) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice, as against the Defendants only and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e) to consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses; and

(f) to rule upon such other matters as the Court may deem appropriate.

5.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

6.     The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement with Defendants, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and the Proof of Claim form, annexed hereto as Exhibits 1 and 2 respectively.

7.     The Court approves the appointment of Administar Services Group LLC, as the Claims Administrator. The Claims Administrator shall cause the Notice and the

1    Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class

2    mail, postage prepaid, on or before the 10th day of August, 2009, to all Class Members

3    who can be identified with reasonable effort.  Ionatron shall promptly make its transfer

4    records and shareholder information available to the Claims Administrator for the

5    purpose of identifying and giving notice to the Class. The Claims Administrator shall use

6    reasonable efforts to give notice to nominee owners such as brokerage firms and other

7    persons or entities who purchased Ionatron publicly traded securities during the Class

8    Period as record owners but not as beneficial owners. Such nominee purchasers are

9    directed within, seven (7) days of their receipt of the Notice, to either forward copies of

10   the Notice and Proof of Claim to their beneficial owners, or to provide the Claims

11   Administrator with lists of the names and addresses of the beneficial owners, and the

12   Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such

13   identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof

14   of Claim to their beneficial owners shall send a statement to the Claims Administrator

15   confirming that the mailing was made as directed. Additional copies of the Notice shall

16   be made available to any record holder requesting such for the purpose of distribution to

17   beneficial owners, and such record holders shall be reimbursed from the Gross Settlement

18   Fund, upon receipt by the Claims Administrator of proper documentation, for the

19   reasonable expense of sending the Notices and Proofs of Claim to beneficial owners.

20   Plaintiffs' Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the

21   Court proof of mailing of the Notice and Proof of Claim.

22        8.    The Court approves the form of Publication Notice of the pendency of this

23   class action and the proposed settlement in substantially the form and content annexed

24   hereto as Exhibit 3 and directs that Plaintiffs' Lead Counsel shall cause the Publication

25   Notice to be published in *The Wall Street Journal* within ten days of the mailing of the

26   Notice. Plaintiffs' Lead Counsel shall, at or before the Settlement Fairness Hearing, file

27   with the Court proof of publication of the Publication Notice.

28        9.    The form and content of the Notice, and the method set forth herein of

notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.     In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than October 30, 2009. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Lead Counsel; (iii) if the

1   person executing the Proof of Claim is acting in a representative capacity, a

2   certification of his current authority to act on behalf of the Class Member must be

3   included in the Proof of Claim; and (iv) the Proof of Claim must be complete and

4   contain no material deletions or modifications of any of the printed matter

5   contained therein and must be signed under penalty of perjury.

6   (c) As part of the Proof of Claim, each Class Member shall submit to the

7   jurisdiction of the Court with respect to the claim submitted, and shall (subject to

8   effectuation of the Settlement) release all Settled Claims as provided in the

9   Stipulation.

10   11.   Class Members shall be bound by all determinations and judgments in this

11   Action, whether favorable or unfavorable, unless such persons request exclusion from the

12   Class in a timely and proper manner, as hereinafter provided. A Class Member wishing

13   to make such request shall mail the request in written form by first class mail postmarked

14   no later than the 9th day of September, 2009 to the address designated in the Notice. Such

15   request for exclusion shall clearly indicate the name, address and telephone number of

16   the person seeking exclusion, that the sender requests to be excluded from the Class in

17   the Ionatron Inc., Securities Litigation, and must be signed by such person. Such persons

18   requesting exclusion are also directed to state: the date(s), price(s), and number(s) of

19   shares of all purchases and sales of Ionatron securities during the Class Period. The

20   request for exclusion shall not be effective unless it provides the required information and

21   is made within the time stated above, or the exclusion is otherwise accepted by the Court.

22   12.   Class Members requesting exclusion from the Class shall not be entitled to

23   receive any payment out of the Net Settlement Fund as described in the Stipulation and

24   Notice.

25   13.   The Court will consider comments and/or objections to the Settlement, the

26   Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only

27   if such comments or objections and any supporting papers are filed in writing with the

28   Clerk of the Court, United States District Court for the District of Arizona, Evo A.

1    DeConcini U.S. Courthouse 405 W. Congress Street, Suite 1500 Tucson, AZ 85701-5010,

2    and copies of all such papers are served, on or before the 9th day of September, 2009,

3    upon each of the following: Arthur L. Shingler III, Esq., Scott+Scott, LLP, 600 B Street,

4    Suite 1500, San Diego, CA 92101, and Jeffrey S. Nobel, Esq., Izard Nobel LLP, 29 South

5    Main Street, Suite 215, Hartford, CT 06107 on behalf of the Lead Plaintiffs and the Class;

6    and Harris N. Cogan, Esq., Blank Rome LLP, 405 Lexington Avenue, The Chrysler

7    Building, New York, NY 10174, on behalf of the Defendants. Attendance at the hearing

8    is not necessary; however, persons wishing to be heard orally in opposition to the

9    approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees

10   are required to indicate in their written objection their intention to appear at the hearing.

11   Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's

12   application for an award of attorneys' fees and expenses and desire to present evidence

13   at the Settlement Fairness Hearing must include in their written objections the identity

14   of any witnesses they may call to testify and exhibits they intend to introduce into

15   evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the

16   hearing or take any other action to indicate their approval of the Settlement.

17        14.    Pending final determination of whether the Settlement should be approved,

18   the Lead Plaintiffs, all Class Members, and each of them, and anyone who acts or

19   purports to act on their behalf, shall not institute, commence or prosecute any action

20   which asserts Settled Claims against any Released Party.

21        15.    As provided in the Stipulation, Plaintiffs' Lead Counsel may pay the Claims

22   Administrator the reasonable and customary fees and costs associated with giving notice

23   to the Class and the review of claims and administration of the Settlement out of the Cash

24   Settlement Amount without further order of the Court.

25        16.    Any specified condition to the Settlement set forth in the Stipulation is not

26   satisfied and Plaintiffs' Lead Counsel or the Defendants elect to terminate the Settlement,

27   then, in any such event, the Stipulation, including any amendment(s) thereof, and this

28   Preliminary Order certifying the Class and the Class Representatives for purposes of the

1   Settlement shall be null and void, of no further force or effect, and without prejudice to

2   any party, and may not be introduced as evidence or referred to in any actions or

3   proceedings by any person or entity, and each party shall be restored to his, her or its

4   respective position as it existed before the Stipulation was executed.

5         17.    The Court retains exclusive jurisdiction over the Action to consider all

6   further matters arising out of or connected with the Settlement.

7         DATED this 5th day of August, 2009.

8

9

10  _____
                Cindy K. Jorgenson
           United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GEORGE WOOD, On Behalf of Himself and All Others Similarly Situated, | Case No.: 4:06-cv-00354-CKJ |
| Plaintiff, | |
| vs. | |
| IONATRON, INC., ROBERT HOWARD, AND THOMAS C. DEARMIN, | |
| Defendant. | |
| RAYMOND DEEDON, Individually and on Behalf of All Others Similarly Situated, | Case No.: 4:06-cv-00377-CKJ |
| Plaintiff, | |
| vs. | |
| IONATRON, INC., ROBERT HOWARD; AND THOMAS C. DEARMIN, | |
| Defendant. | |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

IF YOU PURCHASED THE PUBLICLY TRADED SECURITIES OF IONATRON, INC. ("IONATRON") BETWEEN MAY 4, 2005 AND MAY 10, 2006 (INCLUSIVE) ("CLASS PERIOD"), YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

The Settlement will provide a Settlement Fund of $6.5 million, consisting of $5.3 million in cash and $1.2 million worth of the common stock of Applied Energetics, Inc. (the "Settlement Fund"), to pay claims of investors who suffered alleged damages from transactions of Ionatron publicly traded securities between May 4, 2005 and May 10, 2006, inclusive.[1] Lead Plaintiffs for the class estimate that there were approximately 14.63 million Ionatron common shares and common share equivalents, inclusive, allegedly damaged during and held at the end of the Class Period. Lead Plaintiffs estimate that if claims are filed on behalf of 100% of these shares, then the Settlement represents an estimated average recovery of $0.44 per share. This recovery figure is an estimate and is before deduction of the cost of notice and administration of the Settlement, attorneys' fees and out-of-pocket expenses. Your actual recovery, if any, will vary depending on your purchase price and sale price, the dates of your purchase and/or sale and the number of shareholders that file Proof of Claim and Release forms. See Question 8 below for a more detailed explanation.

Lead Plaintiffs' Counsel intend to ask the Court to award them attorneys' fees not to exceed 33 1/3% of the Settlement Fund, along with reimbursement of out-of-pocket expenses, including expert fees, in an amount not to exceed $235,000.00. If the Court awards 33 1/3% of the Settlement Fund as attorneys' fees, together with reimbursement of out-of-pocket expenses, the impact will affect the per damaged share recovery by an estimated amount of $0.17 per share. Lead Plaintiffs' Counsel have expended considerable time and effort in the

---

[1]     Applied Energetics is the successor company to Ionatron, Inc. The Settlement requires Defendants, in addition to the cash payment, to provide to the Class an amount of Applied Energetics shares sufficient to equal a total value of $1.2 million (as determined by the average closing price per share of Applied Energetics stock for the ten (10) trading days immediately prior to the final Fairness Hearing held in this action) up to a cap of four (4) million shares.

expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery.  In this type of litigation, it is customary for plaintiffs' counsel to be awarded a percentage of the Settlement Fund as their attorneys' fees.  Any fee awarded will be an in-kind award, consisting of cash and stock in the same ratio as recovered for the Class.

The Settlement resolves a lawsuit concerning whether during the Class Period, Defendants knowingly disseminated materially false and misleading information about the development and production capability of the Company's Joint IED Neutralizer ("JIN") product, as well as the status of real or potential sales of the JIN to the U.S. government.  The lawsuit alleges that as a result of these alleged misrepresentations and omissions, the prices of Ionatron stock during the Class Period were artificially inflated.  The parties disagree on both liability and damages.  The issues on which the parties disagree include (a) the amount by which the price of Ionatron stock was allegedly artificially inflated (if at all) during the Class Period; (b) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of Ionatron stock at various times during the Class Period; and (c) whether the statements made or facts allegedly omitted in violation of law were material or otherwise actionable under the federal securities laws.  Lead Plaintiffs' Counsel considered that there was a substantial risk that Lead Plaintiffs and the Class might not have prevailed on all their claims and that there were risks that the decline in the price of Ionatron stock could be attributed, in whole or in part, to other factors.  Therefore, Lead Plaintiffs and the Class could have recovered nothing or substantially less than the amount of the Settlement.  The Defendants deny that they are liable to Lead Plaintiffs or the Class and deny that Lead Plaintiffs or the Class have suffered any damages.  Lead Plaintiffs' Counsel believe this Settlement is in the best interests of the Class considering the risks posed by further litigation.  See Question 4 below for further explanation.

**Your legal rights are affected whether you act or don't act.  Read this notice carefully.**

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment from the Settlement Fund. |
| EXCLUDE YOURSELF | Receive no payment.  This is the only option that allows you to ever be part of any other lawsuit against Ionatron concerning the legal claims being released by this Settlement. |
| OBJECT BUT REMAIN IN THE SETTLEMENT | Submit written objection to any aspect of the Settlement to the Court. |
| GO TO A HEARING | A hearing will be held on _____, 2009 and is open to the public.  To speak in Court, however, you need to give advance written notice to the Court and to the parties. |
| DO NOTHING | Receive no payment.  Give up your right to object to the Settlement, or any part of it, or to request exclusion from the Settlement. |

These rights and options – **and the deadlines to exercise them** – are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement, after appeals are resolved if any are filed, and after the claims are processed.  Please be patient.

Further information regarding this Settlement may be obtained by contacting Lead Plaintiffs' Counsel, Arthur L. Shingler III, Esq., Scott+Scott LLP, 600 B Street, Suite 1500, San Diego, CA 92101 (619) 233-4565 or Jeffrey S. Nobel, Esq., Izard Nobel LLP, 29 South Main Street, Suite 215, Hartford, CT 06107 (860) 493-6292.

Page

**Basic Information** ............................................................................................................. **4**
1.   Why did I receive this notice package?
2.   What is this lawsuit about?
3.   Why is this a class action?
4.   Why is there a Settlement?

**Who is in the Settlement** ................................................................................................. **5-6**
5.   How do I know if I am part of the Settlement?
6.   Are there exceptions to being included?
7.   I'm still not sure if I am included.

**The Settlement Benefits - What You Get** ...................................................................... **6**
8.   What does the Settlement provide?

**How You Get a Payment - Submitting a Claim Form** ................................................ **6-7**

9.   How can I obtain a payment?
10.  When could I receive my payment?
11.  What am I giving up to receive a payment or stay in the Class?

**Excluding Yourself From the Settlement** ...................................................................... **8**
12.  How do I get out of the Settlement?
13.  If I don't exclude myself, can I sue Defendants for the claims being released in this Settlement?
14.  If I exclude myself, can I obtain money from this Settlement?

**The Lawyers Representing You** ...................................................................................... **8-9**
15.  Do I have a lawyer in the case?
16.  How will the lawyers be paid?

**Objecting to the Settlement** ............................................................................................ **9**
17.  How do I make any objections I may have to the Settlement?
18.  What is the difference between objecting to the Settlement and requesting exclusion from the Settlement?

**The Court's Fairness Hearing** ........................................................................................ **9-10**
19.  When and where will the Court decide whether to approve the Settlement?
20.  Do I have to come to the hearing?
21.  May I speak at the hearing?

**If You Do Nothing** ........................................................................................................... **10**
22.  What happens if I do nothing at all?

**Getting More Information** ............................................................................................... **10**
23.  Are there more details about the Settlement?
24.  How do I get more information?
**Understanding Your Payment - The Plan of Allocation** ........................................... **10-14**
**Special Notice to Securities Brokers and Other Nominees** ...................................... **15**
**Inquiries** ............................................................................................................................. **15**

**BASIC INFORMATION**

1. **Why did I receive this notice package?**

The Court authorized this notice to be sent to you because you or someone in your family may have purchased or acquired Ionatron securities between May 4, 2005 and May 10, 2006 (inclusive) (the "Class Period"). The Court in charge of the case is the United States District Court for the District of Arizona and the case is known as *Wood v. Ionatron, Inc., et al.,* Case No. 4:06-cv-00354-CKJ (D. Ariz.). The people who brought suit are called Plaintiffs. The Lead Plaintiffs and Class Representatives are Hylton S. Petit, Jr. and Claire Silverman ("Lead Plaintiffs"). The company and individuals they sued – Ionatron, Inc., Robert Howard and Thomas C. Dearmin – are called the Defendants.

The Court authorized this notice to be sent to you because you have a right to know about the proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and resolves any objections that may be filed in opposition to the Settlement, as explained below, and if any appeals are resolved, then an administrator appointed by the Court will distribute the payments that the Settlement permits. You may track the progress of the Settlement by visiting www.ionatronincsecuritieslitigation.com. **This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them and how to obtain them**.

2. **What is this lawsuit about?**

The lawsuit claims that Defendants issued false and misleading statements during the Class Period in its public filings, as well as in related press releases and during investor conference calls. This lawsuit alleges that, upon the revelations of previously undisclosed material information during the Class period, the price of Ionatron stock dropped, thereby causing damages to Lead Plaintiffs and the other members of the Class.

This lawsuit began on July 12, 2006, when the first of two class action lawsuits was filed in the District of Arizona against Defendants. By Order dated October 13, 2006, the Court appointed Lead Plaintiffs and approved Lead Plaintiffs' selection of Scott+Scott LLP and Izard Nobel LLP as Lead Counsel for the Class. A Consolidated Amended Class Action Complaint (the "Complaint") was filed on December 18, 2006, by Lead Plaintiffs on behalf of the Class. Defendants answered the Complaint on June 2, 2008.

The merits of the case and the issue of damages are sharply disputed. Defendants have denied and continue to deny each claim and contention alleged against them. Defendants have asserted at all times that they acted properly and in compliance with the federal securities laws.

Lead Plaintiff recognizes that both the merits of the action and the fact and amount of damages are sharply disputed, and that a jury might find that the Defendants did not violate the securities laws, or did not cause damages, or that the damages were much less than those asserted by Lead Plaintiffs.

3. **Why is this a class action?**

In a class action, one or more people called Class Representatives (in this case Lead Plaintiffs) sue on behalf of persons who have similar claims. All these persons and/or entities are referred to collectively as a Class, and are referred to individually as Class Members. Bringing a case such as this as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to being in individual actions. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

4. **Why is there a Settlement?**

The Court did not decide in favor of Lead Plaintiffs and the Class or Defendants. Instead, Lead Plaintiffs and Defendants have agreed to settle the lawsuit. The parties retained the services of Honorable Nicholas H. Politan, United States District Judge (retired), and Jed Melnick, Esq. of JAMS as mediators for this action. The Settlement was the product of extensive arms-length negotiations, with the assistance of these two respected mediators.

4

their conclusion that the proposed Settlement is fair, reasonable and adequate and serves the best interests of the Class Members.  Counsel for Lead Plaintiffs have determined that by settling, the cost and risks of a trial will be avoided, while at the same time providing compensation to the Class.  Lead Plaintiffs and Lead Plaintiffs' Counsel believe that the Settlement is best for all Class Members.

As described above, Lead Plaintiffs and Defendants do not agree regarding the merits of Lead Plaintiffs' allegations with respect to liability or the average amount of damages, if any, that would be recoverable if Lead Plaintiffs were to prevail on each claim asserted.  The issues on which the parties disagree include:  (1) whether Defendants made any false and misleading statements; (2) whether the statements made were materially false when made, or are otherwise actionable under the federal securities laws; (3) whether, and at what point in time, Defendants had a duty to correct any prior false and misleading statements; (4) whether Defendants made any false and misleading statements with the requisite intent; (5) whether Lead Plaintiffs could establish loss causation for any misleading statements; (6) the appropriate economic model for determining the amount by which Ionatron securities were allegedly artificially inflated (if at all) during the Class Period; (7) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading (if at all) influenced and artificially inflated (if at all) the trading price of Ionatron securities at various times during the Class Period; (8) the extent to which external factors influenced the trading price of Ionatron securities at various times during the Class Period; and (9) whether, and to what extent, factors other than the misrepresentations that Lead Plaintiffs alleged caused Ionatron's securities prices to drop at various instances.

Although Lead Plaintiffs' Counsel were prepared to defend against summary judgment and go to trial, and were confident in the merits of their case, Lead Plaintiffs' Counsel recognize that the claims may not have survived summary judgment and that trial is a risky proposition and Lead Plaintiffs and the Class may not have prevailed on all of their claims.  In addition, Lead Plaintiffs' Counsel believe that this Settlement provides a substantial recovery to the Class Members and that the Class may not have obtained a greater recovery if the case had gone to trial.

Defendants continue to deny liability and deny that Lead Plaintiffs and the Class Members were damaged.  These disputes regarding both the merits of the Action and the damages would be subject to expert testimony and, therefore, it would be impossible to predict with certainty which of the parties' arguments would find favor with the Court in a summary judgment consideration with the jury at trial.  In a trial, Lead Plaintiffs could have recovered nothing or substantially less than the amount of the Settlement.  Further, even assuming that Lead Plaintiffs could have won at trial, any verdict would inevitably be the subject of appeal and the recovery to Class Members would have remained uncertain and been further delayed.

### WHO IS IN THE SETTLEMENT?

5.  **How do I know if I am part of the Settlement?**

Everyone who fits the following description, and is not excluded by the definition of the Class, is a Class Member: All persons or entities who purchased Ionatron publicly traded securities between May 4, 2005 and May 10, 2006, inclusive (the "Class Period").  See Question 6 for more information.

6.  **Are there exceptions to being included?**

You are not a Class Member if you are a Defendant in this lawsuit.  The Class also excludes members of the immediate family of each of the Individual Defendants, any parent, subsidiary, affiliate, officer or director of Ionatron, any entity in which any excluded person had a controlling interest, the legal representatives, heirs, successors, spouses and assigns of any excluded person.  See Question 5 for more information.

Also, if you exclude yourself from the Class, as described below, you are not a part of the Class.  If one of your mutual funds owns Ionatron stock, that alone does not make you a Class Member.  You are a Class Member only if you purchased or acquired Ionatron publicly traded securities during the Class Period.  Contact your broker to see if you hold or held Ionatron securities during the Class Period.

To be a Member of the Class, you must have purchased or acquired Ionatron publicly traded securities during the Class Period.  The U.S. Supreme Court has interpreted the federal law that forms the basis of the

information.  As a practical matter, this means that only Members of the Class who acquired and held positions in Ionatron securities during the Class Period sustained damages.

7.     **I'm still not sure if I am included.**

       If you are still not sure whether you are included in the Class, you may ask for free help by calling 1-866-XXX-XXXX for more information.  Alternatively, you may fill out and return the claim form attached to this notice, described in Question 9, to see if you qualify.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

8.     **What does the Settlement provide?**

       The terms of the proposed Settlement are summarized below, and the full Settlement terms are contained in a Stipulation and Agreement of Settlement (the "Stipulation") dated _____, 2009.  You can obtain a copy of the Stipulation by writing to Lead Plaintiffs' Counsel: Arthur L. Shingler III, Esq., Scott+Scott LLP, 600 B Street, Suite 1500, San Diego, CA 92101 (619) 233-4565 or Jeffrey S. Nobel, Esq., Izard Nobel LLP, 29 South Main Street, Suite 215, Hartford, CT 06107 (860) 493-6292, or by visiting www.ionatronincsecuritieslitigation.com.

       The proposed Settlement calls for Defendants to create a Settlement fund in the amount of $6.5 million, consisting of $5.3 million in cash and $1.2 million worth of Applied Energetics common stock.  Lead Plaintiffs estimate there were 14.63 million Ionatron common shares and common-share equivalents, inclusive, allegedly damaged during and held at the end of the Class Period, and that the average recovery per allegedly damaged share is $0.44 before the accrual of interest, the payment of taxes on accrued interest, and the deduction of Court-awarded attorneys' fees and out-of-pocket expenses and costs of notice and claims administration.  If you are a Class Member, you may receive more or less than this average amount depending on:  1) the number of valid claims submitted; 2) the price paid for the securities; 3) whether you sold your securities; and 4) the date and amount you received upon sale.  For purposes of the Settlement, your distribution from the Net Settlement Fund (the Settlement Fund less taxes owed, costs of notice and claims administration, attorneys' fees and out-of-pocket expenses as awarded by the Court) will be governed by the proposed Plan of Allocation described in this notice, or such other Plan of Allocation as may be approved by the Court.

## HOW YOU GET A PAYMENT - SUBMITTING A CLAIM FORM

9.     **How can I obtain a payment?**

       To qualify for payment, you must submit a claim form ("Proof of Claim") to the Claims Administrator.  A claim form is attached to this notice.  You may also obtain a claim form on the Internet at www.ionatronincsecuritieslitigation.com.  Read the instructions carefully, fill out the form, include all the required documents, sign it, and mail it to the address provided, postmarked no later than _____, 2009 to the Claims Administrator as follows:

*Ionatron, Inc., Securities Litigation*
Administar Services Group LLC
P.O. Box XXXXX
Jacksonville, FL 32241-XXXXX

The Claims Administrator will process your claim and advise you if you are an "Authorized Claimant" – meaning that your claim satisfies the requirements approved by the Court.

10.    **When could I receive my payment?**

       The Court will hold a hearing on _____, 2009 to decide whether to approve the Settlement.  Even if Judge Jorgenson approves the Settlement, it may take more than a year before the Settlement Fund is distributed to the Class Members because there may be appeals that would delay the implementation of the

more than a year for the Settlement Fund to be distributed is that once the Settlement has been approved, and any appeals are resolved, the Claims Administrator must process all of the Proof of Claim forms.  The processing by itself is a very complicated process and will take many months.  Please be patient.

11.     **What am I giving up to receive a payment or stay in the Class?**

Unless you exclude yourself by following the procedures outlined below, you will remain in the Class. That means that, upon the Effective Date, you will release all Settled Claims, against all Released Parties (as defined below).  It also means that all of the Court's orders will apply to you and legally bind you.

"Released Parties" Defendants and any and all of their past or present partners, principals, employees, predecessors, successors, affiliates, officers, directors, attorneys, agents, insurers, assigns, spouses and heirs.

"Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on United States federal, state, local, statutory or common law or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, including both known claims and Unknown Claims (as defined below) (i) that have been asserted in the Action by the Class Members or any of them against any of the Released Parties (whether pleaded in the Complaint or not), or (ii) that could have been asserted in the Action or in any forum by the Class Members or any of them against any of the Released Parties, which also arise out of, relate to, or are based on any of the claims allegations, activities, press releases or public statements set forth in the Complaint and relate to the purchase, sale, transfer or acquisition of the publicly traded securities of Ionatron during the Class Period, or any actions, representations or omissions that were alleged or might have been alleged to affect the price of any publicly traded securities of Ionatron during the Class Period.

"Unknown Claims" means any and all Settled Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Settled Defendants' Claims which Defendants do not know or suspect to exist in their favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that by operation of the Order and Final Judgment, upon the Effective Date, the Lead Plaintiffs and Defendants shall have expressly waived, and each Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

7

If you do not want to receive a payment from this Settlement, and you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself – or is sometimes referred to as opting out of the Class.

12.    **How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement in *Wood v. Ionatron, Inc., et al.,* Case No. 4:06-cv-00354-CKJ (D. Ariz.). Be sure to include your name, address, telephone number, proof of the number of shares you purchased and sold during the Class Period, and your signature. Your exclusion request must be postmarked no later than _____, 2009 and sent to the Claims Administrator as follows:

*Ionatron, Inc. Securities Litigation*
Administar Services Group LLC
P.O. Box XXXXX
Jacksonville, FL 32241-XXXX

You cannot exclude yourself by phone or by e-mail. If you ask to be excluded, you will not receive a Settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendants in the future.

13.    **If I don't exclude myself, can I sue the Defendants for the claims being released in this Settlement?**

No. Unless you exclude yourself, you give up any right to sue the Defendants or the Released Parties for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from the Class to bring or to continue your own lawsuit. Remember, the exclusion deadline is _____, 2009.

14.    **If I exclude myself, can I obtain money from this Settlement?**

No. If you exclude yourself, do not send in a claim form to ask for any money. But, if you exclude yourself, you may sue, continue to sue, or be part of a different lawsuit against Defendants.

**THE LAWYERS REPRESENTING YOU**

15.    **Do I have a lawyer in this case?**

The Court appointed the law firms of Scott+Scott LLP and Izard Nobel LLP to represent you and other Class Members. This law firm is called Lead Plaintiffs' Counsel or Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

16.    **How will the lawyers be paid?**

Lead Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. In this type of litigation, it is customary for counsel to be awarded a percentage of a recovery as their attorneys' fees and reimbursement of their out-of-pocket expenses. Therefore, Lead Plaintiffs' Counsel will file a motion asking the Court at the Fairness Hearing (see Question 19, below) to make an award of attorneys' fees in an amount of not more than 33 1/3% of the Settlement Fund and reimbursement of litigation expenses, including expert fees, not to exceed $235,000.00. The Court may award less than these amounts. These amounts will come out of the Settlement Fund. Defendants have stated that they take no position regarding these fees and expenses. If the Court awards 33 1/3% of the Settlement Fund as attorneys' fees and reimbursement of out-of-pocket expenses in

8

share.  Any fee awarded will be an in-kind award, consisting of cash and stock in the same ratio as recovered by the Class.

## OBJECTING TO THE SETTLEMENT

**17.     How do I make any objections I may have to the Settlement?**

If you are a Class Member, you may object to the Settlement, any part of the Settlement, or the request for attorneys' fees and reimbursement of expenses.  You may state why you think the Court should not approve any part of the Settlement.  The Court will consider your views.  To object, you must send a written objection stating that you object to the Settlement in *Wood v. Ionatron, Inc., et al.*, Case No. 4:06-cv-00354-CKJ (D. Ariz.).  Be sure to include your name, address, telephone number, your signature, proof of the number of Ionatron common shares or other securities subject to this settlement that you purchased and sold during the Class Period, and the reasons why you object to the Settlement or any part of the Settlement.  Be sure to mail the objection to each of the three places stated below, postmarked no later than _____, 2009:

| COURT | LEAD PLAINTIFFS' COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Honorable Cindy K. Jorgenson<br>United States District Court<br>District of Arizona<br>Evo A. DeConcini U.S. Courthouse<br>405 W. Congress Street, Suite 1500<br>Tucson, AZ 85701-5010 | Arthur L. Shingler III, Esq.<br>Scott+Scott LLP<br>600 B Street, Suite 1500<br>San Diego, CA 92101<br><br>Jeffrey S. Nobel<br>Seth R. Klein<br>Izard Nobel LLP<br>29 South Main Street, Suite 215<br>Hartford, CT 06107 | Harris N. Cogan<br>Blank Rome LLP<br>405 Lexington Ave<br>The Chrysler Bldg<br>New York, NY 10174 |

**18.     What is the difference between objecting to the Settlement and requesting exclusion from the Settlement?**

Objecting is simply telling the Court that you don't like something about the Settlement.  You may object only if you stay in the Class.  By excluding yourself from the Settlement, you are stating that you don't want to be part of the Class.  If you exclude yourself from the Settlement, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak.

**19.     When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing at _:__ _.m. on _____, 2009, at the United States District Court for the District of Arizona, Evo A. DeConcini U.S. Courthouse 405 W. Congress Street, Suite 1500 Tucson, AZ 85701-5010.  At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Jorgenson will listen to Class Members (or their counsel) who have submitted written objections and written indication(s) of their intention to appear and speak at the hearing, as long as they are postmarked no later than _____, 2009 and mailed to the three different places listed in the chart following Question 17, above.  The Court may also decide how much to award Lead Plaintiffs' Counsel for attorneys' fees and expenses.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

**20.     Do I have to come to the hearing?**

No.  Lead Plaintiffs' Counsel will answer questions Judge Jorgenson may have.  But, you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long

attend to speak in support of any written objection that you mailed on time, but it is not necessary.  You may do so as long as you have followed the instructions set forth in the answer to Question 21, below.

21.     **May I speak at the hearing?**

If you are a Class Member and have submitted a written objection to the Settlement or the motion of Lead Plaintiffs' Counsel for attorneys' fees and expenses and follow the instructions set out in response to Questions 17 and 19 above, you (or your counsel) may speak at the Fairness Hearing in support of your objection.  To do so, along with your written objection, you must send a letter stating that it is your "Notice of Intention to Appear in *Wood v. Ionatron, Inc., et al.,* Case No. 4:06-cv-00354-CKJ (D. Ariz.)."  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be postmarked no later than _____, 2009, and be sent to the Court, Lead Plaintiffs' Counsel, and Defendants' Counsel, at the addresses listed in Question 17.  You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

22.     **What happens if I do nothing at all?**

If you do nothing, you will not receive any money from the Settlement.  But if you are a Member of the Class, unless you exclude yourself from the Settlement, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

23.     **Are there more details about the Settlement?**

This notice summarizes the proposed Settlement.  More details are in the Stipulation.  You may obtain a copy of the Stipulation by visiting www.ionatronincsecuritieslitigation.com.

24.     **How do I get more information?**

You may call 1-866-XXX-XXXX toll free; write to the Claims Administrator, *Ionatron, Inc. Securities Litigation,* Administar Services Group LLC, P.O. Box XXXX, Jacksonville, FL 32241-XXXX; or visit the website at www.ionatronincsecuritieslitigation.com where you will find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

**[THIS ENTIRE SECTION IS SUBJECT TO REVIEW]**
**UNDERSTANDING YOUR PAYMENT - THE PLAN OF ALLOCATION**
**(You do not need to make any of these calculations yourself. The**
**Claims Administrator will make all of these calculations for you.)**

1.     The $6.5 million cash and stock Settlement amount and the interest earned on the cash portion shall be the "Gross Settlement Fund."  The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants").

2.     The Net Settlement Fund will be allocated among the Authorized Claimants in accordance with this "Plan of Allocation."  The amount so allocated to each Authorized Claimant constitutes and is referred herein as the Authorized Claimant's "Payable Claim."  The Plan of Allocation is based upon Lead Plaintiffs' Counsel's assessment of the merits and relative strengths and weaknesses, including recoverable damages, of the claims of the members of the Class.  In addition, the Plan of Allocation takes into consideration that under certain decisions of the United States Supreme Court and the relevant federal securities statutes, a Class Member may not recover for any decline in the price of his stock that was not directly cause by the disclosures of previously withheld material information that should have been disclosed by the Defendants.

proportionate basis, that share of the Net Settlement Fund that the Authorized Claimant's Recognized Loss (as defined below) bears to the total Recognized Losses of all Authorized Claimants, subject to the further provisions of this Plan of Allocation set forth below.

4.     An Authorized Claimant's Recognized Loss is determined by the date(s) the Authorized Claimant purchased and sold any Ionatron publicly traded securities as follows:

### Common Stock

1.     For Ionatron common stock purchased between May 4, 2005 and May 10, 2006:

a.     No claim will be recognized for any shares of Ionatron common stock purchased between May 4, 2005 and May 10, 2006 which were not owned as of the close of trading on May 10, 2006.

b.     For common stock purchased between May 4, 2005 and May 10, 2006 and owned as of the close of trading on May 10, 2006 an Authorized Claimant's Recognized Claim shall be the lesser of: (i) of the difference, if a loss, between the purchase price and $9.43; or (ii) $3.40 per share.

### 6.5% Series A Redeemable Convertible Preferred Stock

2.     For Ionatron 6.5% Series A Redeemable Convertible Preferred Stock ("Preferred Stock") purchased between October 27, 2005 and May 10, 2006:

a.     No claim will be recognized for any shares of Ionatron Preferred Stock purchased between October 27, 2005 and May 10, 2006 which were not owned as of the close of trading on May 10, 2006.

b.     For Preferred Stock purchased between October 27, 2005 and May 10, 2006 and owned as of the close of trading on May 10, 2006 an Authorized Claimant's Recognized Claim shall be the lesser of: (i) of the difference, if a loss, between the purchase price and $19.65; or (ii) $7.08 per share.

### Put and Call Options

The total recovery payable to Authorized Claimants from transactions in call or put options shall not exceed five percent (5%) of the Net Settlement Fund.

### Call Option Purchases

For call options purchased between May 4, 2005 and May 10, 2006:

a.     No claim will be recognized for any Ionatron call options purchased between May 4, 2005 and May 10, 2006 that were not owned as of the close of trading on May 10, 2006.

b.     For call options purchased between May 4, 2005 and May 10, 2006 and owned as of the close of trading on May 10, 2006, an Authorized Claimant's Recognized Claim shall be the lesser of (a) 50%[2] of the difference, if a loss, between (x) the amount paid for the call options (including brokerage commissions and transaction charges) and (y) the sum for which said call options were subsequently sold at a loss (after brokerage commissions and transaction charges (or $0.00 if the call option expired while still owned by the Authorized Claimant), or (b) $1.70 per share covered by such call options (*i.e.*, 50% of the $3.40 maximum per common share claim for this loss).

c.     No loss shall be recognized based on a sale or writing of any call option that was subsequently repurchased.

---

[2] This discount reflects the fact that a purchase of a call option includes the payment of a time premium.

11

d. Shares of Ionatron acquired during the Class Period through the exercise of a call option shall be treated as a purchase on the date of exercise for the exercise price plus the cost of the call option, and any Recognized Claim arising from such transaction shall be computed as provided for other purchases of common stock.

## **Put Option Sales**

For Ionatron put options sold (written) during the Class Period that expired unexercised, an Authorized Claimant's Recognized Claim shall be $0.00.

For put options sold (written) between May 4, 2005 and May 10, 2006:

a. No claim will be recognized for Ionatron put options sold (written) between May 4, 2005 and May 10, 2006 which were not the obligation of the Authorized Claimant as of the close of trading on May 10, 2006.

b. For Ionatron put options sold (written) between May 4, 2005 and May 10, 2006 that were the obligation of the Authorized Claimant at the close of trading on May 10, 2006, an Authorized Claimant's Recognized Claim shall be the lesser of (a) the difference, if a loss, between (x) the amount received for writing the put option (net of brokerage commissions and transaction charges) and (y) the sum for which said put options were repurchased at a loss after the close of trading on March 10, 2004 (including brokerage commissions and transaction charges) or (b) $3.40 per share covered by such put options.

c. For Ionatron put options written between May 4, 2005 and May 10, 2006 that were "put" to the Authorized Claimant (*i.e.*, exercised), the Authorized Claimant's Recognized Claim shall be calculated as a purchase of common stock as shown above, and as if the sale of the put option were instead a purchase of Ionatron common stock on the date of the sale of the put option, and the "purchase price paid" shall be the strike price less the proceeds received on the sale of the put option.

d. No loss shall be recognized based on a sale of any put option that was previously purchased.

In the event a Class Member has more than one purchase or sale of Ionatron common stock, Preferred Stock and/or Ionatron common stock options, all purchases and sales shall be matched on a First In/First Out ("FIFO") basis, Class Period sales will be matched first against any Ionatron shares and/or options held at the beginning of the Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period. Purchases and sales of Ionatron common stock, Preferred Stock and options shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, devise or operation of law of Ionatron common stock, Preferred Stock and/or options during the Class Period shall not be deemed a purchase or sale of these Ionatron securities for the calculation of an Authorized Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase of such Ionatron securities unless specifically provided in the instrument of gift or assignment. The receipt of Ionatron common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Ionatron common stock.

Each Authorized Claimant shall be allocated *pro rata* shares of the cash and Settlement Shares in the Net Settlement Fund based on his, her or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. Each Authorized Claimant shall be paid an amount determined by multiplying the total cash in the Net Settlement Fund, by a fraction the numerator of which shall be his, her or its "Recognized Claim" and the denominator of which shall be the Total Recognized Claims of all Authorized Claimants. This computation weighs each Class Member's claim against every other Class Member's claim. Each Authorized Claimant will receive *pro rata* shares of the cash in the Net Settlement Fund based on his, her or its Recognized Claim.

The amount of a Class Member's Recognized Claim as computed above is not intended to be an estimate of what a Class Member might have been able to recover at trial, and it is not an estimate of the amount that will be paid pursuant to this Settlement. Instead, this computation is only a method to weight Class Members' claims against one another. Each Authorized Claimant will receive *pro rata* shares of the cash in the Net Settlement Fund based on his, her or its Recognized Claim.

Preferred Stock and/or Ionatron put and call options during the Class Period, the value of the Recognized Claim will be zero. Such claimants will in any event be bound by the Settlement. To the extent that a Claimant suffered an overall loss on his, her or its overall transactions in Ionatron common stock, Preferred Stock and/or options during the Class Period, but that loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the actual loss.

For purposes of determining whether a Claimant had a gain from his, her or its overall transactions in Ionatron common stock during the Class Period or suffered a loss, the Claims Administrator shall: (i) total the amount the Claimant paid for all Ionatron common stock, Preferred Stock and Ionatron options purchased during the Class Period, and the cost or amount paid to repurchase or close after the Class Period any Ionatron put options written by the Claimant during the Class Period that were open obligations of the Claimant at the end of the Class Period (the "Total Purchase Amount"); (ii) match any sales of Ionatron common stock, Preferred Stock or options during the Class Period first against the Claimant's opening position in the common stock and Preferred Stock (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received for sales of the remaining shares of Ionatron common stock, Preferred Stock and any options sold during the Class Period (the "Sales Proceeds"); and (iv) ascribe a $9.43 and a $19.65 per share holding value for the number of shares of Ionatron common stock and Preferred Stock, respectively, purchased during the Class Period and still held at the end of the Class Period and add the value at the end of Class period of any call options still held by the Claimant at the end of the Class Period ("Holding Value"). The difference between (x) the Total Purchase Amount ((i) above) and (y) the sum of the Sales Proceeds ((iii) above) and the Holding Value ((iv) above) will be deemed a Claimant's gain or loss on his, her or its overall transactions in Ionatron securities during the Class Period.

5.      General Provisions Applicable to the Plan of Allocation:

(a)      The price per share, paid or received, shall be exclusive of all commissions, taxes and fees.

(b)      In the interest of economy, no payment will be made on any claims where the Payable Claim from the Net Settlement Fund would be less than $10, but the Authorized Claimant will otherwise be bound by the final judgment entered by the Court.

(e)      If you inherited or received a gift of Ionatron common stock during the Class Period, that inheritance or gift is not considered a purchase of Ionatron common stock unless your ancestor or donor was the actual purchaser of Ionatron common stock during the Class Period. You, as a recipient of a gift or inheritance, and the original purchaser may not both file a claim with regard to the same Ionatron common stock. If both you and the donor (or you and your ancestor's estate) make such a claim, only the claim filed by the recipient (or heir) will be honored.

(f)      Shares "transferred into," "delivered into" or "received into" the Authorized Claimant's account, will not be considered as a purchase of shares unless the Authorized Claimant submits documentation demonstrating that the original purchase of these shares occurred during the Class Period. Also, shares purchased and subsequently "transferred out" or "delivered out" of the Authorized Claimant's account will not be considered part of the Authorized Claimant's claim, as the right to file for those shares belongs to the person or party receiving the shares.

(g)      The restrictions on computing Recognized Losses set out in the three bullet points below apply to all claims. As a practical matter, however, they apply primarily to certain transactions engaged in by sophisticated traders or certain corporate or institutional Authorized Claimants:

13

purchase transaction, and no Recognized Loss will be computed for any such covering purchase transaction.

- No Recognized Loss will be computed for any transactions in Ionatron securities engaged in by market makers or specialists.
- No Recognized Loss will be computed for any option premium paid or received where the Ionatron securities were purchased or sold by reason of having exercised or been assigned an option.

(h)  Nothing in the Stipulation or Plan of Allocation represents an admission by any of the Defendants that there is liability or damage of any kind as a result of the allegations in the Complaint or that the dollar amounts set forth in the Plan of Allocation reflect actual or potential damages to the Class.

(i)  Payment in the manner set forth above will be deemed conclusive compliance with the Stipulation as to all Authorized Claimants.  All Members of the Class who fail to submit valid and timely Proofs of Claim will be barred from participating in the distribution of the Net Settlement Fund but otherwise will be bound by all of the terms of the Stipulation, including the terms of any final orders or judgments entered and the releases given to Defendants and others.

(j)  No Authorized Claimant shall have any claim against Plaintiffs, Plaintiffs' Counsel or the Claims Administrator, or any other agent designated by Plaintiffs' Counsel based on the distributions made substantially in accordance with the Stipulation, the Plan of Allocation, and further orders of Court.  In addition, in the interest of achieving substantial justice, Lead Plaintiffs' Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed.

(k)  Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such fund shall be re-distributed to Class Members who have cashed their initial distributions and who would receive at least $10 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution.  If after six (6) months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Plaintiffs' Counsel.

(l)  Lead Plaintiffs, Defendants, their respective counsel and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claim Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

14

If you purchased Ionatron securities during the Class Period as nominee for a beneficial owner, then within ten (10) days after you receive this Notice, you must either:  (a) send a copy of this Notice and the accompanying Proof of Claim and Release by first- class mail to all such beneficial owners; or (b) provide a list of the names and addresses of such beneficial owners to the Claims Administrator as follows:

*Ionatron, Inc. Securities Litigation*

Administar Services Group LLC

P.O. Box XXXXX

Jacksonville, FL 32241-XXXX

If you chose option (a) above, you may request enough forms from the Claims Administrator (at no charge) to complete your mailing.  You may seek reimbursement of your reasonable expenses actually incurred in complying with these directives, subject to approval of Lead Plaintiffs' Counsel or the Court.   All communications concerning this matter should be addressed to the Claims Administrator.

### INQUIRIES

All inquiries concerning this Notice, the Proof of Claim form, or any other questions by Class Members should be directed to the Claims Administrator as follows:

*Ionatron, Inc. Securities Litigation*

Administar Services Group LLC

P.O. Box XXXXX

Jacksonville, FL 32241-XXXX

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE**

Dated: _____, 2009                         By Order of the District Court:


_____/s/_____

Cindy K. Jorgenson, U.S.D.J.

15

Exhibit 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## CASE NO.: 4:06-CV-00354-CJK

| | | |
|---|---|---|
| GEORGE WOOD, On Behalf of Himself and All Others Similarly Situated, | ) | Case No.: 4:06-cv-00354-CKJ |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| IONATRON, INC., ROBERT HOWARD, AND THOMAS C. DEARMIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| RAYMOND DEEDON, Individually and on Behalf of All Others Similarly Situated, | ) | Case No.: 4:06-cv-00377-CKJ |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| IONATRON, INC., ROBERT HOWARD; AND THOMAS C. DEARMIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROOF OF CLAIM AND RELEASE

DEADLINE FOR SUBMISSION: _____, 2009.

IF YOU PURCHASED PUBLICLY TRADED SECURITIES OF IONATRON, INC. ("IONATRON") BETWEEN MAY 4, 2005 AND MAY 10, 2006, INCLUSIVE, ("CLASS PERIOD"), YOU MAY BE A "CLASS MEMBER" ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE CLASS ARE: (1) THE DEFENDANTS, MEMBERS OF THE IMMEDIATE FAMILY OF EACH OF THE INDIVIDUAL DEFENDANTS, ANY PARENT, SUBSIDIARY, AFFILIATE, OFFICER OR DIRECTOR OF IONATRON, ANY ENTITY IN WHICH ANY EXCLUDED PERSON HAS A CONTROLLING INTEREST, AND THE LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, AND ASSIGNS OF ANY EXCLUDED PERSON.)

IF YOU ARE A MEMBER OF THE CLASS, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, 2009 TO THE FOLLOWING ADDRESS:

*Ionatron, Inc. Securities Litigation*
Administar Services Group LLC
P.O. Box XXXXX
Jacksonville, FL 32241

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2009 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY RECOVERY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

YOU MUST ALSO READ THE RELEASE AND WAIVER IN THIS PROOF OF CLAIM FORM AND SIGN IT.  FAILURE TO SIGN THIS PROOF OF CLAIM FORM AND RELEASE MAY RESULT IN DELAY OR REJECTION OF YOUR CLAIM.

## PART I:        CLAIMANT'S STATEMENT

1.        I affirm that I purchased publicly traded securities of Ionatron between May 4, 2005 and May 10, 2006, inclusive, as listed herein. (Do not submit this Proof of Claim if you did not purchase Ionatron publicly traded securities during this period).

2.        By submitting this Proof of Claim, I state that I believe in good faith that I am a Class Member as defined above and in the Notice of Proposed Settlement of Class Action (the "Settlement Notice"), or am acting for such person; that I am not a Defendant in the Action or anyone excluded from the Class; that I have read and understand the Settlement Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed Settlement described in the Settlement Notice; and that I have not previously submitted a request for exclusion. (If you are acting in a representative capacity on behalf of a Member of the Class (e.g., as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.        I consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I understand and agree that my claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my status as a Class Member and the validity and amount of my claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

4.        I have set forth where requested below all relevant information with respect to each purchase of Ionatron publicly traded securities during the Class Period, and each sale, if any, of such securities. I agree to furnish additional information (including transactions in other Ionatron securities) to the Claims Administrator to support this claim if requested to do so.

5.        I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of Ionatron securities listed below in support of my claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.        I understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim. In some cases the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives of the subject common stock such as options.)

7.        I hereby acknowledge that, as a Member of the Class, I (or the person or entity for whom or which I am executing this Proof of Claim) will be bound by the terms of the Stipulation of Settlement and Order and Final Judgment in this action and, to the full extent set forth in the Stipulation of Settlement, upon the Effective Date will have granted a release of all "Settled Claims" to all "Released Parties" on behalf of myself (or on behalf of the Member for whom or which I submit this Proof of Claim) and my (or such Member's) heirs, agents, executors, administrators, beneficiaries, predecessors, successors and assigns.

8.        NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files instead of on paper. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1 (866) XXX-XXXX or visit **www.ionatronincsecuritieslitigation.com** to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

**Name(s) of Beneficial Owner(s):**

Name

Joint Owner's Name (if any)

**Account Number:**

If you are a bank or other institution filing on behalf of a third-party, and an account number is needed to identify the claimant for your records, indicate account number here:

**Address if Beneficial Owner(s):**

Street Number

City

State          Zip Code

Foreign Province                          Country

Telephone Number (Day)                    Telephone Number (Night)

E-mail Address

Taxpayer I.D. No. or Social Security No.

**Check one:**

- [ ] Individual
- [ ] Joint Owners
- [ ] Estate
- [ ] Corporation
- [ ] IRA
- [ ] Other (Specify)_____

**Record Owner's Name (if different from Beneficial Owner listed above):**

**Market Maker or Specialist:**

I was [ ] / I was not [ ] a Market Maker or a Specialist in Ionatron securities during the Class Period.

**PART II:** **SCHEDULE OF TRANSACTIONS IN IONATRON STOCK**

Separately list each of your purchases or sales of Ionatron stock below.  Photocopy this page if more space is needed.  **Be sure to include and sign your name and the last four digits of your Social Security number or Tax ID number on any additional sheets.**  The dates of purchase, acquisition or sale is the "trade" or "contract" date, and not the "settlement" or "payment" date.

1. **BEGINNING HOLDINGS:**   At the end of the day on May 3, 2005, I owned the following shares of Ionatron stock. (If none, write "zero" or "0") (If other than zero, must be documented).   _____

2. **PURCHASES:** I made the following purchases of Ionatron stock between May 4, 2005 and May 10, 2006, inclusive (must be documented). (Persons who received Ionatron stock during the Class Period other than by purchase are not eligible to submit claims for those transactions, except as otherwise provided in the Notice):

| Date(s) of Purchase (List Chronologically) (Month/Date/Year) | Number of Shares of Stock Purchased | Purchase Price Per Share of Stock | Aggregate Cost (excluding commissions, taxes, and fees) | Please Check the Box if this Transaction was the Result of the Exercise of an Option |
|---|---|---|---|---|
| /        / | | $ | $ | ☐ |
| /        / | | $ | $ | ☐ |
| /        / | | $ | $ | ☐ |

Total shares of Ionatron stock purchased from May 4, 2005 through May 10, 2006, inclusive: _____.

3. **SALES DURING THE CLASS PERIOD**: I made the following sales (including short sales) of Ionatron stock between May 4, 2005 and May 10, 2006, inclusive (must be documented):

| Date(s) of Sale (List Chronologically) (Month/Date/Year) | Number of Shares of Stock Sold | Sale Price Per Share of Stock | Amount Received (excluding commissions, taxes, and fees) |
|---|---|---|---|
| /        / | | $ | $ |
| /        / | | $ | $ |
| /        / | | $ | $ |

Total shares of Ionatron stock sold from May 4, 2005 through May 10, 2006, inclusive: _____.

4. **SHARES HELD AT THE END OF THE CLASS PERIOD**: At the close of trading on May 10, 2006, I owned the following shares of Ionatron stock (If none, write "zero" or "0") (If other than zero, must be documented): _____

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND MUST CHECK THIS BOX ☐

**PART III:**     **SCHEDULE OF TRANSACTIONS IN IONATRON OPTION CONTRACTS**

**IONATRON CALL OPTIONS**

1.     **BEGINNING POSITION:** At the close of business on May 3, 2005, I owned the following call options on Ionatron securities (must be documented):

| Date(s) of Purchase (List Chronologically) (Month/Date/Year) | Number of Contracts | CUSIP | Expiration Month and Year & Strike Price of Options | Purchase Price Per Contract | Amount Paid | Insert an "E" if Exercised or an "X" if Expired | Exercise Date MM/DD/YYYY |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

2.     **PURCHASES:** I made the following purchases of call options on Ionatron securities between May 4, 2005 and May 10, 2006, inclusive (must be documented):

| Date(s) of Purchase (List Chronologically) (Month/Date/Year) | Number of Contracts | CUSIP | Expiration Month and Year & Strike Price of Options | Purchase Price Per Contract | Amount Paid | Insert an "E" if Exercised or an "X" if Expired | Exercise Date MM/DD/YYYY |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

3.     **SALES:** I made the following sales of the above call options on Ionatron securities which call options were purchases before **May 10, 2006 (include all such sales no matter when they occurred)** (must be documented):

| Date(s) of Purchase (List Chronologically) (Month/Date/Year) | Number of Contracts | CUSIP | Expiration Month and Year & Strike Price of Options | Purchase Price Per Contract | Amount Paid | Insert an "E" if Exercised or an "X" if Expired | Exercise Date MM/DD/YYYY |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**IONATRON PUT OPTIONS**

4.     **BEGINNING POSITION:** At the close of business on May 3, 2005, I was obligated on the following put options on Ionatron securities (must be documented):

| Number of Contracts | Expiration Month and Year & Strike Price of Options | CUSIP | Sale Price Per Contract | Amount Received | Insert an "A" if Assigned or "X" if Expired | Assign Date MM/DD/YYYY |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

5.     **SALES (WRITING) OF PUT OPTIONS:** I wrote (sold) put options on Ionatron securities between May 4, 2005 and May 10, 2006, inclusive as follows (must be documented):

| Date of Writing (Sale) (List Chronologically) MM/DD/YYYY | Number of Contracts | CUSIP | Expiration Month and Year & Strike Price of Options | Sale Price Per Contract | Amount Received | Insert an "A" if Assigned or an "X" if Expired | Assign Date MM/DD/YYYY |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

6.     **COVERING TRANSACTIONS (REPURCHASES):** I made the following repurchases of the above put options on Ionatron securities that I wrote (sold) before _____ **(include all repurchases no matter when they occurred)** must be documented):

| Number of Contracts | Expiration Month and Year & Strike Price of Options | CUSIP | Sale Price Per Contract | Amount Received | Insert an "A" if Assigned or an "X" if Expired | Assign Date MM/DD/YYYY |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

# SUBSTITUTE FORM W-9

## PART 1
## Request for Taxpayer Identification Number (TIN) and Certification.

NAME: _____

Check appropriate box:
- ☐ Individual          ☐ Corporation
- ☐ Joint Owners        ☐ IRA
- ☐ Estate              ☐ Other

Enter TIN on appropriate line.  For individuals, this is your Social Security number ("SSN").
For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name.
You may enter either your SSN or your Employer Identification Number ("EIN").  For other entities, it is your EIN.

| | | | - | | | - | | | | | |       | | | - | | | | | | | |

Social Security Number                          Employer Identification Number

## PART 2
## Certification

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT:

The number shown on this form is my/our correct Taxpayer Identification Number; and I (we) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me (us) that I am (we are) no longer subject to backup withholding.

**NOTE: If you have been notified by the IRS that you are subject to backup withholding,
you must cross out the word "NOT" above and check here.  ☐**

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

NOTE:   If you require the instructions for Completing Substitute Form W-9, please make a written request to us at Claims Administrator, Ionatron, Inc. Securities Litigation, P.O. Box XXXXX Jacksonville, FL 32241.  Please note that your accountant should also be able to provide you with these instructions.

I/We declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____.
                                                        (City)              (State / Country)

_____          _____
(Signature)                                                Date

_____
(Type or print your name here)

_____          _____
(Signature)                                                Date

_____
(Type or print your name here)

_____
Capacity of persons signing (e.g., Beneficial Owner, Executor, Administrator or Corporate Title)

# RELEASE

1.     I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, unconditionally, and forever settle, release and discharge with prejudice from the Settled Claims each and all of the Released Parties (as defined below).

2.     "Released Parties" means Defendants and any and all of their past or present partners, principals, employees, predecessors, successors, affiliates, officers, directors, attorneys, agents, insurers, assigns, spouses and heirs.

3.     "Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on United States federal, state, local, statutory or common law or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, including both known claims and Unknown Claims (as defined below) (i) that have been asserted in the Action by the Class Members or any of them against any of the Released Parties (whether pleaded in the Complaint or not), or (ii) that could have been asserted in the Action or in any forum by the Class Members or any of them against any of the Released Parties, which also arise out of, relate to, or are based on any of the claims, allegations, activities, press releases or public statements set forth in the Complaint and relate to the purchase, sale, transfer or acquisition of the publicly traded securities of Ionatron during the Class Period, or any actions, representations or omissions that were alleged or might have been alleged to affect the price of any publicly traded securities of Ionatron during the Class Period.

4.     "Unknown Claims" means any and all Settled Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Settled Defendants' Claims which Defendants do not know or suspect to exist in their favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that by operation of the Order and Final Judgment, upon the Effective Date, the Lead Plaintiffs and Defendants shall have expressly waived, and each Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

5.     I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, relinquish and discharge all claims that have been or could have been asserted against Plaintiffs and/or Plaintiffs' Counsel relating to the institution, prosecution or settlement of the Action or the Settled Claims.

6.     I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, unconditionally, and forever settle, release and expressly waive with prejudice any claims for abuse of process, for malicious prosecution and/or for sanctions under Rule 11 of the Federal Rules of Civil Procedure or otherwise.

7.     This release shall be of no force or effect unless and until the Court approves the Stipulation and Agreement of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

8.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof

9.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Ionatron securities which occurred during the Class Period as well as: (1) the number of shares of Ionatron securities held by me (us) at the opening of trading on May 4, 2005; and (2) the number of shares of Ionatron securities held by me (us) at the close of trading on May 10, 2006.

**UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM FORM IS TRUE, CORRECT AND COMPLETE.**

**Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)**

_____

Signature

_____     _____/_____/_____

Signature                                                       Date

_____

(Title/Capacity of person(s) signing, e.g. beneficial purchaser(s), president, executor, administrator, trustee, etc.)

**A**CCURATE **C**LAIM **P**ROCESSING **T**AKES **T**IME.
**T**HANK **Y**OU **F**OR **Y**OUR **P**ATIENCE.

**R**EMINDER **C**HECKLIST

1.      Please be sure to sign this Proof of Claim.  If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

2.      Please remember to attach supporting documents.  Do NOT send any stock certificates.  Keep copies of everything you submit.

3.      Do NOT use highlighter on the Proof of Claim or any supporting documents.

4.      If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

**THIS PROOF OF CLAIM AND RELEASE MUST BE POSTMARKED NO LATER THAN _____, 2009 AND MUST BE MAILED TO:**

*Ionatron, Inc., Securities Litigation*
Administar Services Group LLC
P.O. Box XXXXX
Jacksonville, FL 32241

Exhibit 3

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## CASE NO.: 4:06-CV-00354-CJK

| | |
|---|---|
| GEORGE WOOD, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br>IONATRON, INC., ROBERT HOWARD, AND THOMAS C. DEARMIN,<br><br>Defendant.<br><br><br><br> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 4:06-cv-00354-CKJ |
| RAYMOND DEEDON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br>IONATRON, INC., ROBERT HOWARD; AND THOMAS C. DEARMIN,<br><br>Defendant.<br><br><br> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 4:06-cv-00377-CKJ |

## SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**TO:    ALL PERSONS AND ENTITIES WHO PURCHASED THE PUBLICLY TRADED SECURITIES OF IONATRON, INC. ("IONATRON") BETWEEN MAY 4, 2005 AND MAY 10, 2006, INCLUSIVE ("THE CLASS").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Arizona, that a hearing will be held on _____, 2009 at _:__ _.m., before the Honorable Cindy K. Jorgenson, United States District Judge, at the United States District Court for the District of Arizona, Evo A. DeConcini U.S. Courthouse, 405 W. Congress Street, Tucson, Arizona 85701, to determine

1

whether the proposed settlement (the "Settlement") of the above-captioned action ("Action") for $6.5 million in cash and stock should be approved by the Court as fair, reasonable and adequate; whether to award Lead Plaintiffs' Counsel attorneys' fees, and reimbursement of expenses out of the Settlement Fund (as defined in the Notice of Proposed Settlement of Class Action ("Notice"), which is discussed below); whether to make an award to Lead Plaintiff for representation of the Class; and whether the Plan of Allocation should be approved by the Court.

IF YOU PURCHASED IONATRON PUBLICLY TRADED SECURITIES IN THE PERIOD DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION. To share in the distribution of the Settlement Fund, you must establish your rights by filing a Proof of Claim and Release Form on or before _____, 2009. Your failure to submit your Proof of Claim and Release Form by _____, 2009 will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Action. If you are a Member of the Class and did not request exclusion from the Class, you will be bound by the Settlement and any judgment and Release entered in the Action, including, but not limited to, the Final Order, whether or not you submit a Proof of Claim and Release Form.

If you have not yet received the Notice, which more completely describes the Settlement and your rights thereunder, and a Proof of Claim and Release Form, you may obtain these documents by writing to:

Claims Administrator<br>
<em>Ionatron, Inc.. Securities Litigation</em><br>
Administar Services Group LLC<br>
P.O. Box XXXXX<br>
Jacksonville, FL 32241

You may also call 1-866-XXX-XXXX. Inquiries should NOT be directed to Ionatron, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice, Proof of Claim and Release Form, may be made to Plaintiffs' Lead Counsel:

| | |
|---|---|
| Arthur L. Shingler III, Esq. | Jeffrey S. Nobel, Esq. |
| Scott+Scott LLP | Izard Nobel LLP |
| 600 B Street, Suite 1500 | 29 South Main Street, Suite 215 |
| San Diego, CA 92101 | Hartford, CT 06107 |
| (619) 233-4565 | (860) 493-6292 |

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION BY _____, 2009, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.   ALL MEMBERS OF THE CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE CLASS WILL BE BOUND BY THE SETTLEMENT ENTERED IN THE ACTION EVEN IF THEY DO NOT FILE A TIMELY PROOF OF CLAIM AND RELEASE FORM.

Dated: _____, 2009

_____
BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA